1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12
ANGELO JONATHAN JOHNSON,        )       CV F 04 6489 AWI SMS HC
13                                      )
               Petitioner,             )
14                                      )       FINDINGS AND RECOMMENDATION
      v.                                )       REGARDING RESPONDENT'S MOTION
15                                      )       TO DISMISS
                                        )
16   ANTHONY KANE, Warden,              )       [Doc. #12]
                                        )
17              Respondent.            )
_____ )
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21                          **PROCEDURAL HISTORY**

22          Petitioner is currently in the custody of the California Department of Corrections pursuant to

23   a judgment of the Superior Court of California, County of Kern, following his conviction by guilty

24   plea on December 21, 2001, to the offense of petty theft with a prior in violation of Cal. Penal Code

25   § 666.  See Document 1, Exhibits to Answer to Petition for Writ of Habeas Corpus (hereinafter

26   "Exhibits"). The Court also found true the allegations that Petitioner had six prior prison terms for

27   felony convictions within the meaning of Cal. Penal Code § 667.5(b). Petitioner was sentenced to

28   serve a determinate term of twelve years in state prison.  Id.

1    Petitioner did not pursue a direct appeal.

2    On May 19, 2003, Petitioner filed a petition for writ of habeas corpus in Kern County

3    Superior Court. See Document 2, Exhibits. On June 11, 2003, the Superior Court denied the petition.

4    See Document 3, Exhibits.

5    On October 16, 2003, Petitioner filed a petition for writ of habeas corpus in the California

6    Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). See Document 4, Exhibits. The

7    petition was summarily denied on October 30, 2003. See Document 5, Exhibits.

8    On December 1, 2003, Petitioner filed a petition for writ of habeas corpus in the California

9    Supreme Court. See Document 6, Exhibits. The petition was summarily denied on September 29,

10   2004. See Document 7, Exhibits.

11   On October 14, 2004, Petitioner filed the instant federal petition for writ of habeas corpus in

12   this Court.

13   On March 24, 2005, Respondent filed a motion to dismiss the petition as being filed outside

14   the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

15   Petitioner did not file an opposition to Respondent's motion to dismiss.

16                                  **DISCUSSION**

17   A.  Procedural Grounds for Motion to Dismiss

18   Respondent has filed a Motion to Dismiss the petition as being filed outside the one year

19   limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing

20   Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of

21   the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

22   court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

23   The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

24   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

25   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

26   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

27   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

28   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

1  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

2  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

3       In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C.

4  2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar to a

5  motion to dismiss based on state procedural default and Respondent has not yet filed a formal

6  Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule

7  4.

8  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

9       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

10  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

11  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

12  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

13  (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of

14  the AEDPA.

15       The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

16  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

17  reads:

18       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
19     limitation period shall run from the latest of –

20       (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
21
         (B) the date on which the impediment to filing an application created by
22     State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;
23
         (C) the date on which the constitutional right asserted was initially recognized by
24     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or
25
         (D) the date on which the factual predicate of the claim or claims presented
26     could have been discovered through the exercise of due diligence.

27       (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
28     not be counted toward any period of limitation under this subsection.

1    28 U.S.C. § 2244(d).

2    In most cases, the limitation period begins running on the date that the petitioner's direct

3    review became final.  Here, the Petitioner was convicted on December 21, 2001, and the sentence

4    was pronounced on January 22, 2002. Petitioner did not file an appeal.  Pursuant to Rule 31(a) of the

5    California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal.  Rule

6    31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146,

7    147 (1999).  Because Petitioner did not file a notice of appeal, his direct review concluded on March

8    23, 2002, when the sixty-day period for filing a notice of appeal expired.  Thus, Petitioner had one

9    year until March 23, 2003, absent applicable tolling, in which to file his federal petition for writ of

10   habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). Petitioner did not file

11   his federal petition until October 14, 2004, over a year and a half after the limitations period had

12   expired.

13   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14   Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

15   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

16   pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2). In

17   Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

18   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

19   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

20   state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006

21   (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th

22   Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the

23   filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243,

24   1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency

25   of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260

26   F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level);

27   Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a

28   motion for sentence modification in the state superior court and a habeas petition in the superior

1   court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

2        As stated above, the statute of limitations began to run on March 23, 2002, and expired on

3   March 23, 2003.  Although Petitioner filed three post-conviction collateral challenges with respect to

4   the pertinent judgment or claim in state court, the petitions did not operate to toll the statute of

5   limitations.  The first collateral challenge was not filed until May 19, 2003, nearly two months after

6   the limitations period had expired.  Because the limitations period had already expired, the collateral

7   challenge had no tolling consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000)

8   (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v.

9   Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  For

10  the same reasons, Petitioner is not entitled to tolling for the time his subsequent state habeas

11  petitions were pending. Therefore, the instant petition remains untimely.

12  D.  Equitable Tolling

13       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

14  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

15  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107

16  F.3d 696, 701 (9th Cir. 1996), cert denied, -- U.S. --, 188 S.Ct. 60, 139 (1997); (Beeler), 128 F.3d at

17  1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will

18  only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file

19  a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for

20  the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."

21  Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

22       Petitioner does not argue that there were any circumstances beyond his control which

23  prevented him from timely complying with the limitations period.  As there exists no circumstances

24  sufficient to justify equitably tolling the limitations period, the petition is untimely and must be

25  dismissed.

26                              **RECOMMENDATION**

27       Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

28  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

1  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

2       These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,

3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

4  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

5  California.

6       Within thirty (30) days after being served with a copy, any party may file written objections

7  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

8  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

9  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

10 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

11 parties are advised that failure to file objections within the specified time may waive the right to

12 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13

14

15 IT IS SO ORDERED.

16 **Dated:    May 17, 2005**                    **/s/ Sandra M. Snyder**
   icido3                                UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28